[Cite as *In re Estate of Folk*, 2014-Ohio-2701.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

ESTATE OF: RITA A. FOLK,      :      **O P I N I O N**
DECEASED

       :

       :      **CASE NO. 2013-G-3166**

       :

Appeal from the Geauga County Court of Common Pleas, Probate Division, Case No. 13 PE 000053.

Judgment: Affirmed.

*Michael J. Manuszak,* 2905 Paxton Road, Shaker Heights, OH 44120 (For Appellant-Stephen E. Smith).

*Mark S. O'Brien,* 2460 Fairmount Boulevard, Suite 301B, Cleveland Heights, OH 44106 (Appellee-Mark S. O'Brien, Administrator W.W.A. For The Estate of Rita A. Folk, Deceased).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Stephen E. Smith, appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division, removing him as executor to the estate of Rita A. Folk, deceased. We affirm the trial court's judgment.

{¶2} On January 10, 2013, Rita A. Folk, decedent, died testate; in her will, decedent appointed appellant as executor of her estate. Appellant was decedent's accountant, financial advisor, and attorney-in-fact, pursuant to a durable power of

attorney executed by decedent in 2009. Appellant, however, had no familial ties with decedent and was not named as a beneficiary in the will.

{¶3} At the time of her death, decedent had $388,693.54 on deposit with Cardinal Community Credit Union ("CCCU"). Pursuant to decedent's will, the money on deposit would flow to residuary beneficiaries, Paulette Stollard, Mary Visnick, and Pamela Pachinger, in equal shares. Approximately three weeks prior to decedent's death, on December 13, 2012, she made changes to her CCCU accounts, naming appellant as their joint owner with a right of survivorship. On the same date, decedent wrote appellant two checks in the amounts of $50,000 and $9,100. Overall, appellant received nearly $448,000; funds that would have allegedly flowed to the residuary beneficiaries under decedent's will had those assets not been converted to non-probate assets shortly before decedent's death.

{¶4} On June 4, 2013, appellant filed an inventory and appraisement, as well as a schedule of assets on behalf of the decedent's estate. The money in the CCCU accounts did not appear on the inventory. On June 26, 2013, two of the three residuary beneficiaries filed exceptions to the inventory. Later, the objecting beneficiaries filed a supplemental brief in support of their exceptions. In that pleading, the objecting beneficiaries asserted the decedent was not of sound mind when she made the changes to the CCCU accounts and appellant effectively coerced the decedent to make the changes. The objecting beneficiaries attached copies of signature cards executed by decedent and appellant from December 13, 2012 demonstrating decedent was changing the accounts from individual accounts to joint accounts with a right of survivorship in appellant's favor. The objecting beneficiaries consequently requested the

2

trial court to stay its proceedings for the residuary beneficiaries to file an action to return the funds to the estate.

{¶5} During the hearing on the objections, at which appellant appeared telephonically, appellant's counsel maintained appellant had no knowledge of the changes decedent made to her CCCU accounts prior to her death. Counsel further argued that appellant neither coerced decedent to make changes nor did he expect to receive anything from decedent after her death. Counsel thus claimed the money appellant received prior to and after decedent's death was legitimately characterized as non-probate assets and its omission from the inventory was proper.

{¶6} The trial court inquired how appellant could reasonably claim he had no knowledge he would be a beneficiary of the accounts when (1) he is an accountant and (2) he personally executed the joint and survivorship signature cards. Counsel responded that appellant went to CCCU with the power of attorney so he could be placed on decedent's checking account, per the instructions of decedent. When further pressed about the signature card, however, counsel stated appellant should testify on record to the events that occurred. The court subsequently continued the hearing so appellant could appear in person to testify regarding the assets at issue.

{¶7} Prior to adjourning, counsel for the beneficiaries requested the court enter an order for appellant, as executor, to sign an authorization for them to obtain certain of decedent's medical records. He stated:

{¶8} "We believe that this woman was on Hospice and was on morphine at this time. We think the records will establish that. And to this point he has refused to sign an

3

authorization. I think that's grounds for removal, number one. But, number two, to make this move faster we would expect that to be signed ASAP."

{¶9} In response, the court observed: "Why the heck is he still the executor? If you claim he took $440,000 from the estate before it became an estate, what's your position on him staying as executor to begin with?" Counsel for the beneficiaries stated they wanted appellant removed as executor. Appellant's counsel expressed his belief that appellant had done his job and, although he acknowledged removal was within the court's discretion, he saw no reason why appellant should be removed.

{¶10} The court scheduled the matter for further hearing so appellant could testify on issues germane to the exceptions filed by the objecting beneficiaries. The court further advised the parties that a decision on whether to remove the executor would be forthcoming and would be entered via separate judgment. On September 26, 2013, the trial court removed appellant as executor. He now appeals that judgment assigning the following error:

{¶11} "The lower court abused its discretion when it sua sponte vacated the appellant's appointment as executor of decedent's estate without the benefit of due process of law."

{¶12} Appellant asserts the trial court erred by removing him as executor without allowing him the opportunity to be heard, under oath, to explain, justify, and/or defend how the assets at issue were legitimately deemed non-probate and therefore not subject to the inventory. Although appellant may be entitled to a hearing on these issues, we conclude such a hearing is not a necessary condition precedent to trigger the trial court's discretion in removing him as executor.

4

**{¶13}** R.C. 2109.24 and R.C. 2113.18 set forth statutory bases for the removal of a fiduciary or executor. *Hoppes v. Hoppes*, 12th Dist. Fayette No. CA2013-03-006, 2014-Ohio-447, ¶36. R.C. 2109.24 provides, in relevant part:

> **{¶14}** The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

**{¶15}** R.C. 2113.18(A) provides, in relevant part:

> **{¶16}** The probate court may remove any executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate.

**{¶17}** R.C. 2109.24 contains a statutory notice provision that preclude a trial court from removing a fiduciary in a summary fashion. Because appellant was removed from his role as an executor, R.C. 2113.18 governs this matter. That subsection does not require the court to provide an executor or administrator notice of removal. Rather, R.C. 2113.18 gives the court discretion to remove an executor if (1) there are unsettled claims between the executor and the estate and (2) the court thinks the unsettled claims may be the subject of controversy between the executor and the estate or other

5

interested parties. We conclude the court possessed sufficient facts to satisfy both prongs of the statute.

{¶18} The objecting beneficiaries alleged that appellant, who was not a beneficiary under decedent's will, had received nearly $60,000 from the decedent approximately three weeks before her death. They further alleged appellant, with the decedent, executed signature cards to convert decedent's accounts at CCCU, which included funds of nearly $389,000, from individual accounts to joint accounts with a right of survivorship in appellant's favor. This act, also occurring three weeks before decedent's death, had the effect of changing the accounts from probate assets, which would have allegedly flowed to the residuary beneficiaries in equal shares, to non-probate assets.

{¶19} The objecting beneficiaries alleged appellant coerced decedent into the above actions and that decedent was of unsound mind at the time the transfer as well as the conversion of accounts took place. Counsel for the objecting parties also moved the court for an order to obtain medical records to apparently support their assertion that decedent was of unsound mind because appellant allegedly refused to voluntarily sign a medical-records release as executor. Finally, and perhaps most conspicuous, the objecting beneficiaries specifically moved the court to stay the proceedings relating to the exceptions to the inventory in order to "file an action pursuing the return of these funds to the Estate."

{¶20} The foregoing demonstrates the trial court did not abuse its discretion in removing appellant as executor of the Estate of Rita A. Folk pursuant to R.C 2113.18(A). The objecting beneficiaries' pleadings as well as the representations of

6

their attorney at the hearing provided an adequate foundation for the court to reasonably conclude that there are unsettled claims between the estate and appellant that would be subject to foreseeable litigation.

{¶21} Appellant's assignment of error is without merit.

{¶22} The judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.